IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clinton Northcutt; Bayan Aleskey; James Bryant; Luzenski Cottrell; Taylor Cross (f/k/a Jonathan Binney); Willliam Dickerson, Jr.; Ron Finklea; Jerry Inman; Richard Moore; James Robertson; Brad Sigmon; Stephen Stanko; Norman Starnes; Sammie Stokes; Bobby Stone; Gary Terry; and Louis Winkler, | Civil Action No. 4:17-3301-BHH-TER |
| Plaintiffs, | |
| vs. | ORDER |
| South Carolina Department of Corrections; Bryan P. Stirling, Director of the South Carolina Department of Corrections; Joseph McFadden Former Warden of Lieber Correctional Institution; Joel Anderson Former Interim Warden of Lieber Correctional Institution; Randall Williams, Warden of Lieber Correctional Institution; Willie D. Davis, Warden of Kirkland Reception and Evaluation Center; and Jana Hollis, Unit Manager of Death Row and Maximum Security Unit at Kirkland Reception and Evaluation Center, | |
| Defendants. | |

This matter is before the Court upon Plaintiffs' Motion for Preliminary Injunction. (ECF No. 6.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this 42 U.S.C. § 1983 action was referred to a United States Magistrate Judge for preliminary determinations. On June 26, 2018, Magistrate Judge Thomas E. Rogers, III, considered Plaintiffs' Motion for a Preliminary Injunction (ECF No. 6) and issued a report and recommendation ("Report") outlining the issues and

recommending that the Court deny Plaintiffs' motion because Plaintiffs have failed to make the requisite showing justifying the extraordinary remedy of a preliminary injunction. (ECF No. 42.) Attached to the Report was a notice advising Plaintiffs of their right to file written objections to the Report within fourteen days of being served with a copy. (ECF No. 42-1.) To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no error and agrees with the Magistrate Judge that Plaintiffs have failed to make the requisite showing justifying the extraordinary remedy of a preliminary injunction.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 42) and denies Plaintiffs' Motion for Preliminary Injunction (ECF No. 6).

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

August 9, 2018
Greenville, South Carolina