**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| CLINTON NORTHCUTT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>*Defendants*. | Case No. 4:17-cv-03301-BHH-TER<br><br>Honorable Bruce Howe Hendricks |

**FORMER PLAINTIFF BOBBY STONE'S MOTION FOR**
**PROTECTIVE ORDER PROHIBITING DEPOSITION**

### I.     INTRODUCTION

Former plaintiff Bobby Stone respectfully submits this motion pursuant to Federal Rule of Civil Procedure 26(c)(1), for protective relief prohibiting Defendants from taking his deposition on August 24, 2018.

### II.     BACKGROUND

Bobby Stone is a fifty-two-year-old prisoner who has spent the past twenty years on South Carolina's Death Row. On December 7, 2017, Mr. Stone and seventeen other similarly situated inmates filed this action to challenge the South Carolina Department of Corrections' and other Defendants' policies and practices responsible for Plaintiffs' solitary confinement. Dkt. No. 1. Plaintiffs subsequently filed an Amended Complaint on April 16, 2018. Dkt. No. 30.

Defendants filed a Motion for Order to Depose Inmates/Plaintiffs on June 6, 2018, pursuant to Federal Rule of Civil Procedure 30(a)(2). Dkt. No. 35. Plaintiffs did not oppose that motion as it was entirely reasonable for Defendants to depose parties to this lawsuit. The Court granted

Defendants' motion on June 15, 2018, directing the parties to consult and determine mutually convenient times for the depositions. Dkt. No. 36. Following the directed consultation, the parties agreed to a deposition schedule that spanned three non-consecutive weeks, with six Plaintiffs per week and two depositions (morning and afternoon) each day, running from July 23, 2018 through August 24, 2018. Mr. Stone's deposition was initially scheduled to take place the morning of August 24, 2018, at Kirkland Reception and Evaluation Center, and the deposition of Plaintiff Louis Winkler was scheduled for that afternoon.

Plaintiffs' counsel learned on August 1, 2018, that Mr. Stone wished to withdraw as a plaintiff in this suit on the advice of the attorneys representing him in various criminal matters related to his capital conviction. Mr. Stone is now asserting, for the first time, a claim that his death sentence violates the Eighth Amendment because he is intellectually disabled. *See* Declaration of A. Jophlin ("Jophlin Decl."), Exhibit 1.

Plaintiffs' counsel sought Defendants' consent to Mr. Stone's withdrawal and suggested that Mr. Winkler's deposition be moved to the morning of August 24 because there was no longer good reason to depose Mr. Stone. *See* Jophlin Decl., Exhibit 2; *see also id.*, Exhibit 3. Defendants, as well as Defendant Joseph McFadden, eventually agreed to the voluntary dismissal of Mr. Stone's claims but refused to cancel his deposition, even after learning that the reason for Mr. Stone's withdrawal was due to developments in his criminal appeals unrelated to the claims in this lawsuit. While discussions regarding Mr. Stone's dismissal and deposition were ongoing, on August 10, 2018, Defendants served a Notice of Video Deposition for Mr. Stone and the other Plaintiffs to be deposed the week of August 20, 2018. Jophlin Decl., Ex. 4. Pursuant to Federal Rule 41(a)(1)(ii), Mr. Stone's claims in this lawsuit were voluntarily dismissed by stipulation on August 16, 2018. Dkt. No. 63.

Mr. Stone now requests that this Court issue a Protective Order pursuant to Rule 26(c)(1) to prevent Defendants from taking his deposition on August 24, 2018, or at any date in the future.

### III.     ARGUMENT

The Court may, for good cause, issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery.  Fed. R. Civ. P. 26(c)(1).  Courts are afforded "broad discretion" to decide when a protective order is appropriate and what degree of protection is required.  *Wellin v. Wellin*, 211 F. Supp. 3d 793, 799–800 (D.S.C. 2016), *order clarified,* No. 2:13-CV-1831-DCN, 2017 WL 3620061 (D.S.C. Aug. 23, 2017).  In determining whether good cause exists for a protective order, courts balance the interest of the moving party in keeping relevant information confidential and unproduced, versus the opposing party's interest in obtaining that information.  *Id.*  "In other words, the Court must weigh the need for the information versus the harm in producing it." *Id.*

Good cause exists to grant the protective order here.  Mr. Stone is no longer a plaintiff in this matter.  At a minimum, therefore, he is no longer a proper subject for this Court's June 15, 2018 order permitting "deposition of Plaintiffs." Dkt. No. 36 at 1.  Plaintiffs no longer plan to use Mr. Stone as a witness in this action.  However, Defendants' deposition questioning in this matter may well intrude upon issues of fact, impressions, or theories relevant to Mr. Stone's separate post-conviction relief proceedings, which go to the very heart of his sentence.  Therefore, Mr. Stone's interest in avoiding these depositions and maintaining his confidentiality is incredibly high.

In stark contrast to the incredibly high interest Mr. Stone has in not being deposed, Defendants have relatively minor interests in pursuing his deposition.  By the conclusion of August 24, 2018, Defendants will have successfully completed the remaining seventeen Plaintiffs' depositions, and will have been afforded an opportunity to obtain ample testimony regarding the

individualized allegations of Plaintiffs' Amended Complaint. While Mr. Stone may be held on South Carolina Department of Corrections' Death Row, he does not hold any specialized information pertaining to this case that cannot be, and has not already been, obtained from the remaining seventeen plaintiff depositions. The oppressive and potentially prejudicial effect of Mr. Stone's deposition far outweighs any scheduling concerns held by Defendants.[1]

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Civil Rule 7.02, Bobby Stone, through the undersigned counsel, certifies that he has undertaken a sincere and good faith effort to confer with Defendants in an effort to resolve this discovery dispute without the Court's intervention, with negative results.

For the foregoing reasons, Bobby Stone respectfully requests this Court grant the motion to enter a protective order prohibiting Defendants from deposing him in this matter.

---

[1] Defendants have admitted that the primary reason they want to continue with Mr. Stone's deposition is because the parties already worked to arrange the timing of said deposition. Jophlin Decl., Exhibit 2. But the parties will already need to be at Kirkland for the deposition of Mr. Winkler on August 24. Surely SCDC cannot mean that alleged past inconvenience justifies further inconvenience in the future—particularly when they only noticed Mr. Stone's deposition more than a week after Plaintiffs' counsel informed Defendants that Mr. Stone wished to withdraw and that his deposition should be canceled.

Dated:  August 21, 2018

Respectfully submitted,

*s/ Aaron S. Jophlin*
Aaron S. Jophlin (Fed. ID 10114)
THE JOPHLIN LAW FIRM
102 King Street
Georgetown, SC 29440
Phone:  (843) 970-1820
Fax:  (843) 970-1818
aaron@jophlinlaw.com

Pieter Van Tol**
Nicole Schiavo**
Darcy Hansen**
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Phone:  (212) 981-3000
Fax:  (212) 981-3100
pieter.vantol@hoganlovells.com
nicole.schiavo@hoganlovells.com
darcy.hansen@hoganlovells.com

Brian Richichi**
Emily Goldman**
Kyle Druding**
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004
Phone:  (202) 637-5600
Fax:  (202) 637-5910
brian.richichi@hoganlovells.com
emily.goldman@hoganlovells.com
kyle.druding@hoganlovells.com
*Counsel for Plaintiffs*

** Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Aaron S. Jophlin, hereby certify that on August 21, 2018, I caused a true and correct copy of the foregoing Motion for Protective Order Prohibiting Deposition to be filed with the Clerk of the Court using the CM/ECF system.

    Respectfully submitted,

    s/ *Aaron S. Jophlin*
    Aaron S. Jophlin

    *Counsel for Plaintiffs*